UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :   CONSENT PRELIMINARY ORDER
        - v. -                               :   OF FORFEITURE AS TO SPECIFIC
                                              :   <u>PROPERTY/MONEY JUDGMENT</u>
ALAN WILLIAMS,                                :
                                              :   S1 22 Cr. 675 (PGG)
        Defendant.                            :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 6, 2023, ALAN WILLIAMS (the "Defendant"), was charged in a four-count Superseding Information, S1 22 Cr. 675 (PGG) (the "Information"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.10b5-1, and 240.1 0b5-2; and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Four);

        WHEREAS, the Information included a forfeiture allegation as to Counts One through Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(l)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Three, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three that the Defendant personally obtained;

        WHEREAS, the Information included a second forfeiture allegation as to Count Four, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section

982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, on or about September 6, 2023, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit, *inter alia*, to the United States, any and all property, real and personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts One through Four of the Information pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $47,000,000 in United States currency, pursuant to Title 18, Sections 981(a)(1)(C) and 982(a)(2)(A), representing (i) the amount of proceeds traceable to the offenses charged in Counts One through Three of the Information that the Defendant personally obtained and (ii) the amount of gross proceeds traceable to the offense charged in Count Four of the Information, that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant, Lawrence Billimek and the forfeiture money judgment entered against him in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in following property, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and the offenses charged in Counts One through Four of the Information:

    a. any and all funds and assets up to and including $6,476,123 in United States currency and securities on deposit in Charles Schwab account 2548-5127 (formerly TD Ameritrade brokerage account number 780-078556) and held in the name of Alan Williams;

    b. any and all funds and assets up to and including $7,806,920 in United States currency and securities on deposit in Charles Schwab account 9615-1161 (formerly TD Ameritrade brokerage account number 875-327835) and held in the name of Alan G. Williams Trust;

    c. any and all funds up to and including $17,932,268 in United States currency on deposit in JP Morgan Chase account number 3132113303 held in the name of Alan Williams;

    d. any and all funds up to and including $461,000 in United States currency on deposit in JP Morgan Chase account number 1854194099 held in the name of Alan Williams;

    e. any and all funds up to and including $3,695,000 in United States currency on deposit in JP Morgan Chase account number 444961200 held in the name of Alan G. Williams Income Trust;

    f. the real property located at 1095 SW Schaeffer Road, West Linn, Oregon, more particularly described Section 04 Township 3S Range 1E Quarter A TAX LOT 00308 in the records of Clackamas County, Oregon, and in the full legal description attached hereto as Exhibit 'A'; and

    g. $150,000 of value in the Scenic Capital Advisors HIES Medical Center, LLC;

(a. through g., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Edward Y. Kim, Acting United States Attorney, Assistant United States Attorney Jason A. Richman, of counsel, and the Defendant and his counsel, Jeffrey Lichtman, Esq., that:

1. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $47,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to or property involved in the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the his co-defendant, Lawrence Billimek, and the forfeiture money judgment entered against him in this case, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant ALAN WILLIAMS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and

delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          4/28/25
    Jason A. Richman                                         DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2589

ALAN WILLIAMS

By: _____          4-28-25
    ALAN WILLIAMS                                         DATE

By: _____          4-28-25
    Jeffrey Lichtman, Esq.                                DATE
    Attorney for Defendant
    Law Offices of Jeffrey Lichtman
    441 Lexington Avenue, Suite 504
    New York, NY 10017

SO ORDERED:

_____          April 28, 2025
HONORABLE PAUL G. GARDEPHE            DATE
UNITED STATES DISTRICT JUDGE

EXHIBIT A

**LEGAL DESCRIPTION:**

PARCEL I:

Being a portion of the Northeast one-quarter of Section 4, Township 3 South, Range 1 East of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as follows:

Beginning at the center of said Section 4, as surveyed by McIntosh in PS 12618, which survey is the basis of bearing herein used; thence North 00° 07' 25" East (Deed North) along the centerline of said Section 4, a distance of 1403.16 feet to a point, being the Southwest corner of that tract of land conveyed to John Sager in Book 34, Page 261, Clackamas County Deed Records, thence South 61° 19' 45" East along the Southerly boundary of said Sager Tract 1026.06 feet; thence South 00° 15' 50" East 434.96 feet; thence South 61° 19' 45" East 100.59 feet to the point of beginning, said point being on the Southerly line of that tract conveyed to Robert E. Lindemann, et ux, by Deed recorded May 18,1977, Recorder's Fee No. 77-018902, Clackamas County Records; thence continuing South 61° 19' 45" East along said Southerly line 340.56 feet to a point on the West line of a 20.00 foot strip described in Book 695, Page 6, Clackamas County Deed Records, being 20.00 feet from, when measured at right angles to, the East line of the Southwest one-quarter of the Northeast one-quarter of said Section 4; thence South 00° 15' 50" East (Deed South) parallel with said East line, 524.76 feet to a point on the centerline of SW Schaeffer Road (No. 200); thence along said centerline on the arc of a 1145.92 foot radius curve right through a central angle of 09° 03' 13" a distance of 181.07 feet; thence continuing along said centerline North 64° 48' West 385.22 feet to the most Southerly corner of that tract conveyed to Charles L. Coup, at ux, by Deed recorded June 27, 1986, Recorder's Fee No. 86-023706, Clackamas County Records, thence North 25° 12' East along an Easterly line of said Colip Tract, 508.68 feet to the point of beginning.

PARCEL II:

A tract of land in Section 4, Township 3 South, Range 1 East of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as follows:

Beginning at the Southwest corner of Tract 16, HILLS OF HOME, said point being on the West boundary of West Road, as depicted on the plat of HILLS OF HOME; thence North 01° 12' West 100.00 feet along the West line of said Lot 16; thence West 20.00 feet; thence South 01° 12' East 644.00 feet, more or less, parallel with the West boundary of Lots 16 and 15, said plat, to a point on the North boundary of the County Road; thence South 78° 12' East 21.0 feet, more or less, along the North boundary of the County Road to the West boundary of West Road; thence North 01° 12' West 545.00 feet, more or less, along the West boundary of West Road to the place of beginning.