UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
                      - v. -                               : **CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**
:
ALAN WILLIAMS,
:    S1 22 Cr. 675 (PGG)
               Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 6, 2023, ALAN WILLIAMS (the "Defendant") was charged in a four-count Superseding Information, S1 22 Cr. 675 (PGG) (the "Information") with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.10b5-1, and 240.10b5-2; and Title 18, United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Four);

        WHEREAS, on or about September 6, 2023, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit, *inter alia*, to the United States, any and all property, real and personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts One through Four of the Information pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461;

WHEREAS, on or about April 28, 2025, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order"), imposing a money judgment against the Defendant in the amount of $47,000,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained (the "Money Judgment") and forfeiting all right, title, and interest of the Defendant in, *inter alia*, the following property:

> a. any and all funds and assets up to and including $6,476,123 in United States currency and securities (the "Proceeds Amount-1") on deposit in in Charles Schwab account 2548-5127 (formerly TD Ameritrade brokerage account number 780-078556) and held in the name of Alan Williams (the "5127 Account");
>
> b. any and all funds and assets up to and including $7,806,920 in United States currency and securities (the "Proceeds Amount-2") on deposit in Charles Schwab account 9615-1161 (formerly TD Ameritrade brokerage account number 875-327835) and held in the name of Alan G. Williams Trust (the "1161 Account"); and
>
> c. the real property located at 1095 SW Schaeffer Road, West Linn, Oregon, more particularly described Section 04 Township 3S Range 1E Quarter A TAX LOT 00308 in the records of Clackamas County, Oregon (the "Oregon Property");

(the "Subject Property")(D.E. 109);

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, other than the assets forfeited in the Preliminary Order, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the current balance of the 5127 Account is approximately $8,998,389 (the "5127 Account Balance");

WHEREAS, the Government has identified approximately $2,522,266 in United States currency of the 5127 Account Balance as an asset of the Defendant subject to forfeiture, pursuant to Title 18, United States Code, Section 853(p), as a substitute asset;

WHEREAS, the current balance of the 1161 Account is approximately $9,772,729 in United States currency (the "1161 Account Balance");

WHEREAS, the Government has identified approximately $1,965,809 in United States currency of the 1161 Account Balance as an asset of the Defendant subject to forfeiture, pursuant to Title 18, United States Code, Section 853(p), as a substitute asset;

WHEREAS, the Defendant consents to the forfeiture of any and all funds and assets on deposit in 5127 Account in excess of the Proceeds Amount-1 (the "Substitute Assets-1");

WHEREAS, the Defendant consents to the forfeiture of any and all funds and assets on deposit in 1161 Account in excess of the Proceeds Amount-2 with the exception of $500,000 of United States currency and/or the value of securities on deposit in the 1161 Account (the "Substitute Assets-2", together with the Substitute Assets-1, the "Substitute Assets");

WHEREAS, the Government agrees to not seek forfeiture of $500,000 of United States currency and/or the value of securities on deposit in the 1161 Account (the "1161 Account Remainder") as a substitute asset pursuant to Title 18, United States Code, Section 853(p); and

WHEREAS, the Government further agrees to not seek forfeiture of the Oregon Property and the Government requests the Preliminary Order of Forfeiture be vacated as to the Oregon Property Subject Asset;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Jason A. Richman, of counsel, and the Defendant and his counsel, Jeffrey Lichtman, Esq., that:

1.	All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.	Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.	Upon taking custody of the Substitute Assets, the Government agrees to take all necessary action to lift any holds or freezes on the 1161 Account that have originated from this matter.

4.	The Government shall not forfeit the 1161 Account Remainder and disclaims any interest in the 1161 Account Remainder.

5.	Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied in full satisfaction of the Money Judgment entered against the Defendant.

6.	The Preliminary Order of Forfeiture is hereby vacated only with respect to the Oregon Property.

7.	Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of

publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

11. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ Jason A. Richman
Jason A. Richman
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2589

9/9/2025
DATE

ALAN WILLIAMS

By: _____
ALAN WILLIAMS

8/25/25
DATE

By: _____
Jeffrey Lichtman, Esq.
Attorney for Defendant
Law Offices of Jeffrey Lichtman
441 Lexington Avenue, Suite 504
New York, NY 10017

9/8/25
DATE

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

September 11, 2025
DATE